IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 FEB 27  A 9: 43

| | |
|---|---|
| DAWN SAUCIDA and JOHNNY SAUCIDA, individually and on behalf of all similarly situated individuals,  )<br>  )<br>  )<br>  ) | *PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION* |
| Plaintiffs,  ) | |
| v.  )  ) | CASE NUMBER: 05-669<br>*1:06mc3283-WHA* |
| SWAFFORD & HAYS SETTLEMENT )<br>SERVICES, INC.,  )  ) | |
| Defendant.  ) | |

## DEFENDANT'S OBJECTIONS TO SUBPOENA DUCES TECUM AND MOTION TO QUASH SUBPOENA

Defendant Swafford & Hays Settlement Services, Inc. ("Swafford") hereby objects to the subpoena *duces tecum* served upon A&B Abstracts, Inc., and moves the Court to quash said subpoena. As grounds for this motion, Swafford states as follows:

1. The subpoena is overly broad and unduly burdensome. Many of the requests are without time limitations or seek documents beyond the one year statute of limitations applicable to the claims in this action. The information sought is, therefore, overly broad and not likely to lead to the discovery of admissible evidence.

2. Specifically, the first three categories of documents listed in the

subpoena contain no time frames and, therefore, are overly broad. Requests 5 and 6 request documents concerning non-parties who are plaintiffs in another action currently pending in state court, and who are represented in that action by the same attorneys who represent plaintiffs in this action. Finally, request number 8 seeks information relating to "all loans for which you provided services at the request of Swafford and Hays Settlement Services from January 1, 2001 to the present" and, therefore, is overly broad in scope.

3. Plaintiffs are attempting, through this third-party subpoena, to gain information for Plaintiffs' counsel, who are also counsel for James and Mary Gibbs and Pearlie Finch, to be used in pending litigation in another forum. This is a misuse of the subpoena power and, therefore, the subpoena at issue is due to be quashed.

4. Plaintiffs are attempting, through third-party subpoenas, to obtain information in an effort to create a class. The Advisory Committee Notes for Fed. R. Civ. P. 45 provide as follows:

> A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court. This provision applies, for example, to a non-party required to provide a list of class members.

The subpoena at issue is attempting to do just that and, therefore, is due to be quashed.

5. The undersigned hereby certifies that she has attempted to confer with

Plaintiffs' counsel in an attempt to resolve this dispute. Defendant's counsel conferred by telephone with Plaintiffs' counsel on February 23, 2006, and were unable to resolve this dispute.

WHEREFORE, Swafford hereby objects to the third-party subpoena issued to A & B Abstractors, Inc. in this case and moves the Court to quash such subpoena.

                                                PATRICIA CLOTFELTER
                                                ELLEN H. DOVER
                                                ANNE L. WOHLFELD

                                                Attorneys for Defendant

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of February, 2006, a true and correct copy of the foregoing was served upon the following by U.S. Mail as follows:

Mr. George R. Irvine, III
Stone, Granade & Crosby, P.C.
7133 Stone Drive
Daphne, Alabama  36526

Mr. Kenneth J. Riemer
P. O. Box 1206
Mobile, Alabama  36633

Mr. Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, Alabama  36533

_____
Of Counsel